**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 00-6119**

————————

O. GARRY OKPALA,

Plaintiff - Appellant,

versus

MR. WILL; MR. MACK; MR. SNODDY; MR. FLOYD,

Defendants - Appellees.

————————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  G. Ross Anderson, Jr., District Judge.  (CA-99-2583-0-13BD)

————————

Submitted:  August 18, 2000          Decided:  August 28, 2000

————————

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

O. Garry Okpala, Appellant Pro Se.

————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

O. Garry Okpala appeals the district court's orders (1) dismissing his Bivens[1] complaint without prejudice for failure to exhaust administrative remedies,[2] and (2) denying his motion filed under Fed. R. Civ. P. 59(e).  The district court, accepting the recommendation of the magistrate judge, properly required exhaustion of administrative remedies under 42 U.S.C.A. § 1997e(a) (West Supp. 2000).  Because Okpala did not fully exhaust his administrative remedies, we find no error in the court's dismissal of the action without prejudice.  See id.; 28 C.F.R. §§ 542.10 to .19 (2000).  Nor did the district court abuse its discretion in denying Okpala's Rule 59(e) motion.  See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998) (providing standard), cert. denied, 525 U.S. 1104 (1999).  We therefore affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Generally, dismissals without prejudice are not appealable. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066 (4th Cir. 1993).  However, a dismissal without prejudice could be final if no amendment to the complaint could cure the defects in the plaintiffs case.  See id. at 1066-67.  We find that the district court's order is a final, appealable order because the defects in Okpala's complaint—failure to exhaust administrative remedies—must be cured by something more than an amendment to the complaint.  See id.

2

the materials before the court and argument would not aid the decisional process.

AFFIRMED